John W. O'Meara (admitted *pro hac vice*)
William J. Utermohlen (admitted *pro hac vice*)
OLIFF PLC
277 South Washington Street, Suite 500
Alexandria, Virginia 22314
Telephone: 703.836.6400
Facsimile: 703.836.2787
E-mail:  jomeara@oliff.com
         wutermohlen@oliff.com

Jeffrey D. Wexler, State Bar No. 132256
MCKENNA LONG & ALDRIDGE LLP
300 South Grand Avenue, 14th Floor
Los Angeles, CA 90071
Telephone:  213.688.1000
Facsimile:  213.452.8029
E-mail:     jwexler@mckennalong.com

Attorneys for Plaintiff/Counterdefendant American Coatings Association

[list of counsel continued on next page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMERICAN COATINGS ASSOCIATION,<br><br>        Plaintiff and Counterdefendant,<br><br>v.<br><br>TECHTRONIC OUTDOOR PRODUCTS TECHNOLOGY LIMITED,<br><br>        Defendant and Counterclaimant. | Case No. CV13-6254 ABC (JCGx)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1  [list of counsel (cont'd)]

2  J. Donald Best, State Bar No. 146984
   Melissa H. Burkland (admitted *pro hac vice*)
3  MICHAEL BEST & FRIEDRICH LLP
   One South Pinckney Street, Suite 700
4  Madison, Wisconsin 53703
   Telephone:  608.257.3501
5  Facsimile:  608.283.2275
   E-mail:     jdbest@michaelbest.com
6              mhburkland@michaelbest.com

7  S. Edward Sarskas (admitted *pro hac vice*)
   MICHAEL BEST & FRIEDRICH LLP
8  100 East Wisconsin Avenue, Suite 3300
   Milwaukee, Wisconsin 53202-4108
9  Telephone:  414.271.6560
   Facsimile:  414.277.0656
10 E-mail:     sesarskas@michaelbest.com

11 Ben M. Davidson, State Bar No. 181464
   DAVIDSON LAW GROUP
12 11377 West Olympic Boulevard
   Los Angeles, CA 90064
13 Telephone:  310.473.2300
   Facsimile:  310.473.2941
14 E-mail:     bdavidson@davidson-lawfirm.com

15 Attorneys for Defendant and Counterclaimant
   Techtronic Outdoor Products Technology Limited

16

17

18

19

20

21

22

23

24

25

26

27

28

2

This Protective Order (hereinafter "Order") is entered pursuant to the Federal Rules of Civil Procedure. The parties to the above-captioned matter, Plaintiff American Coatings Association ("Plaintiff") and Defendant Techtronic Outdoor Products Technology Limited ("Defendant") (collectively, the "Parties") have stipulated and agreed, and have represented to the Court, that the Parties and non-party witnesses to this action possess private, trade secret, business confidential and/or proprietary information, which has confidential commercial value, that will be subject to discovery in this action, but that should not be made available to the public generally. The Parties agree that they will comply with the terms set forth in this Order prior to its entry.

## GOOD CAUSE STATEMENT

Good cause exists for entry of this Order because: (1) Plaintiff is a trade association comprised of members including entities that are or may be competitors and/or potential competitors of Defendant; (2) the Parties have sought and expect to continue to seek in the future the discovery of certain information in this action that is sensitive, private, business confidential, or is of a type and nature that third parties required to get involved in discovery in this action will also believe is sensitive, private, and business confidential including, but not limited to, information concerning the Parties' trade secrets, information that is competitively sensitive and would harm the Parties if such information were disclosed, confidential financial information concerning the Parties, and proprietary business information; (3) the Parties believe that unrestricted disclosure or dissemination of such confidential information will cause them business or commercial injury; (4) the Parties desire an efficient and practicable means to designate such information as either "Confidential – Subject to Protective Order" or "Confidential – Attorneys' Eyes Only – Subject to Protective Order" (as those terms are defined below) and thereby help ensure its continued protection against disclosure or dissemination; and (5) the Parties have agreed to such means as set forth herein.

1. This Order shall relate to all documents, materials, depositions or other testimony, deposition exhibits, interrogatory responses, responses to requests for admissions, and other information produced by the Parties (or third parties) in connection with this case.

2. Any information that a Party believes in good faith contains or comprises any business confidential, proprietary, commercially sensitive or trade secret information ("Confidential Information") produced by a Party to this litigation or a third party in connection with this case ("the Producing Party") may be designated by the Producing Party as "Confidential – Subject to Protective Order." Confidential Information shall be revealed only to: (a) the Court, the Court's staff and any Court-appointed mediators, arbitrators or expert witnesses; (b) the Parties and their officers, employees, and agents who are providing assistance to counsel in this action (including in-house counsel participating in the defense of this action), and any persons joined as parties in the future; (c) the Parties' attorneys of record and those attorneys' associates, assistants, employees, and vendors; (d) consultants, technical experts, expert witnesses, potential fact witnesses, and agents involved in the preparation of this action who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; (e) insurers or representatives of the Parties who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; and (f) court reporters, their transcribers, assistants, and employees. The Parties have agreed that discovery information that was previously produced in Opposition No. 91201644 before the Trademark Trial and Appeal Board ("TTAB") shall be deemed produced in this case. Confidential information in the TTAB proceeding was designated "Confidential," "Highly Confidential" or "Trade Secret/Commercially Sensitive." Such information shall be Confidential Information under this Protective Order. Absent other agreement by the Parties, the level of confidentiality of such TTAB information shall continue to be the same as is required under the TTAB protective

1  order, except that the Parties may seek modification of such confidentiality from this
2  Court under this Protective Order.
3        3.    In addition to the above, Confidential Information produced or
4  disclosed in connection with this case, including but not limited to, written
5  discovery, depositions, affidavits/declarations, document production, and expert
6  disclosures, by any of the Parties to this action or by any non-party witness, which is
7  highly sensitive or proprietary or considered a trade secret, may be designated by the
8  Producing Party or witness as "Confidential – Attorneys' Eyes Only – Subject to
9  Protective Order" ("Confidential – Attorneys' Eyes Only Information").  For
10 purposes of this Order, Confidential – Attorneys' Eyes Only Information includes,
11 but is not limited to, product formula information, non-public financial information,
12 pricing information, and customer lists.  Confidential – Attorneys' Eyes Only
13 Information shall be revealed only to: (a) outside attorneys of record for a party to
14 this litigation; (b) Plaintiff's Vice President, Government Affairs (Alison Keane)
15 and Defendant's Global Director of Intellectual Property (Jeffrey N. Cutler); (c)
16 expert witnesses or expert consultants assisting counsel of record who have signed
17 the "Agreement to be Bound by Protective Order" (attached hereto as Exhibit A):
18 (d) deponents or other fact witnesses, but only if that witness is not an employee of
19 or affiliated with a competitor of the Producing Party and has signed the
20 "Agreement to be Bound by Protective Order"; (e) the Court and its staff; and (f)
21 court reporters, their transcribers, assistants, and employees.  Except as set forth in
22 this section, Confidential – Attorneys' Eyes Only Information shall not be shown to
23 any employees or principals of any Party or any employees or principals of any
24 competitors of the Producing Party, nor shall such documents or information be
25 disclosed or used in any way that would allow such information to become known to
26 employees or principals of any Party or competitors of the Producing Party.
27       4.    Failure of counsel to designate information as Confidential – Subject to
28 Protective Order or Confidential – Attorneys' Eyes Only – Subject to Protective

Order shall not be deemed a waiver of confidentiality, however, and Confidential Information may thereafter be designated so.

5. A party may designate as Confidential Information documents or discovery materials produced by a non-party by providing written notice to all Parties of the relevant document numbers or other identification within thirty days after receiving such documents or discovery materials.

6. Absent a specific order by this Court or the Trademark Trial and Appeal Board, and except as provided below, once information has been designated as Confidential – Subject to Protective Order or Confidential – Attorneys' Eyes Only – Subject to Protective Order, it may be used solely in connection with the following action: *American Coatings Assoc. v. Techtronic Outdoor Products Technology Limited,* Case No. CV 13-6254 ABC (JCGx), pending in the United States District Court for the Central District of California, and shall not be used for any other purpose. Any Confidential Information that is produced shall be produced only to counsel of record for the Parties in this litigation. Counsel for any Party who obtains any Confidential Information from any other party shall protect it and its contents from disclosure to anyone save the persons designated in this Order. Confidential Information shall not be used or disclosed directly or indirectly by the Party receiving such Confidential Information to persons other than those delineated in Paragraphs 2(a) through (e) and 3(a) through (f).

7. Should either Party wish to share Confidential Information with any potential witness who is not included in Paragraphs 2(a) through (e) and 3(a) through (f) above, the Parties agree to meet and confer in good faith to address and resolve this issue, and such resolution may include filing a Supplemental Stipulation and [Proposed] Protective Order Regarding Confidentiality Agreement that would include any such potential witness.

8. Any party that seeks to make disclosure of Confidential Information permitted under this Order to a person listed in Paragraphs 2(d) and (e) and 3(c) and

(d) above shall, prior to such disclosure, advise the recipient of such information of the contents of this Order and require each such person to whom such disclosure is made to execute the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A.  All such "Agreements to be Bound by Protective Order" shall be retained by counsel for the party who discloses Confidential Information in this way.  In addition, those experts and/or consultants shall sign and abide by the terms of the "Agreement to be Bound by Protective Order" attached as Exhibit A.  Those experts and consultants shall not give, show or otherwise divulge any of the Confidential Information to any entity or person except as specifically provided for by this Order.

9. Subject to the terms of Paragraphs 2(a) through (e) and 3(a) through (f) above, discovering counsel may show Confidential Information to a witness at a deposition and examine that witness concerning the same. Those witnesses shall sign and abide by the terms of the "Agreement to be Bound by Protective Order" attached as Exhibit A.  Unless the witness is otherwise authorized to have access to such Confidential Information, the witness shall be given a copy of the transcript only for purposes of confirming the accuracy of the transcription and shall be required to certify to counsel that all copies of such transcript have been destroyed, and not retained, once such review is complete.

10. If Confidential Material is included in any papers to be filed in or submitted to the Court, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers – or the confidential portion thereof – under seal.  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.  The Producing Party shall cooperate in good faith with the Discovering Party in performing such acts and supplying such information as is necessary to file Confidential Information under seal and obtain an order permitting filing under seal.

11. If, at any time during the pendency of this action, counsel for any Party wishes to challenge a party's designation of material as containing Confidential Information, and to exclude such material, from the provisions of this stipulated protective order, the Party shall follow the procedures for seeking judicial intervention in discovery disputes, as set forth by Local Rule 37.  The Party challenging designation of particular documents or other materials as Confidential Information must give written notice to the Party making the designation and to all other parties.  Such notice shall identify with reasonable specificity the documents or other materials to which the objection is directed and the basis for the objection.  It shall be the obligation of the Party challenging the designation to file a motion under Local Rule 37 requesting a ruling by the Court that the disputed documents or other materials be designated as Confidential Information.  The disputed documents or other materials shall be treated as Confidential Information pending a ruling from the Court.

12. This Order shall not:

(a) Prejudice the rights of either Party to raise any objection to any request for discovery;

(b) Prejudice the rights of either Party to object to authenticity or admissibility of any document, testimony or evidence subject to this Protective Order;

(c) Prejudice the rights of either Party to seek this Court's determination whether particular information should be produced or should be subject to the terms of this Order;

(d) Prejudice the rights of either Party to apply to this Court for a further protective order relating to any Confidential Information; or

(e) Prevent the Parties (and non-Parties with Confidential Information that has been disclosed in connection with this case) from

agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Information and to seek Court approval for such modification, if necessary.

13. This Order shall have no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Information.

14. The provisions of this Order shall, absent written permission of the Producing Party or further order of this Court, continue to apply after the conclusion of this action, including without any limitation any appeals therefrom.

15. Within 45 days after termination of this litigation, including any appeals therefrom, the originals and all copies of information designated as Confidential" or Confidential – Attorneys' Eyes Only shall, at the direction of the Producing Party, be destroyed or returned to the Producing Party, provided, however, that nothing stated herein shall prevent counsel for any Party from retaining copies of pleadings filed with the Court that contain Confidential Information. Any Party instructed to destroy documents will certify in writing to the Producing Party that the documents have been destroyed.

16. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

GOOD CAUSE BEING FOUND, IT IS SO ORDERED.

Dated: January 7, 2014

The Honorable Jay C. Gandhi
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned has been provided with a copy of the foregoing Stipulated Protective Order in the lawsuit captioned *American Coatings Assoc. v. Techtronic Outdoor Products Technology Limited,* Case No. CV 13-6254 ABC (JCGx), pending in the United States District Court for the Central District of California; has had an opportunity to review the Stipulated Protective Order; and is fully familiar with all of its terms.  By executing this Agreement to be Bound by Protective Order, the undersigned agrees to be bound by the terms of the Stipulated Protective Order and to submit to the jurisdiction of the Court in connection therewith.

By: _____

Print Name: _____
Address:
_____
_____

USW 804148519.1